UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAREK YOUSSEF HASSAN SALEH,

                    Plaintiff,

          -v.-

GINA PASTORE, Brooklyn Field Office Director
U.S. Citizenship and Immigration Services, *et al.*,

                    Defendants.

19 Civ. 11799 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Tarek Youssef Hassan Saleh, proceeding *pro se* in this action, has filed a motion for the Court's recusal. This Order addresses that motion. For the reasons set forth in the remainder of this Order, the motion for recusal is denied.

**BACKGROUND**

Plaintiff commenced this action with the filing of his Complaint on December 26, 2019. (Dkt. #1). In his Complaint, Plaintiff sought to compel U.S. Citizenship and Immigration Services ("USCIS") to adjudicate his pending naturalization application ("Form N-400"). (*See id.*). The Court proceeded to schedule an initial pretrial conference for April 2, 2020 (Dkt. #21), but subsequently adjourned the conference twice, over Plaintiff's objections, to allow USCIS time to process Plaintiff's application. (*See* Dkt. #23, 26). On June 29, 2020, the Court denied Plaintiff's motion for a hearing pursuant to 8

U.S.C. § 1447(b), on the grounds that such a hearing was "premature" while his application remained pending before USCIS.  (Dkt. #29).

On August 31, 2020, the Government wrote to inform the Court that USCIS had denied Plaintiff's application, and requested an extension of time to prepare a pre-motion letter seeking to dismiss the Complaint.  (Dkt. #30).  The Court granted the Government a one-day extension the following day, but cautioned that there would be no further extensions.  (Dkt. #31).  On September 2, 2020, the Government filed a pre-motion letter seeking leave to dismiss the Complaint on the grounds of mootness and Plaintiff's failure to exhaust his administrative remedies.  (Dkt. #33).  The letter informed the Court that the previous day, September 1, 2020, Plaintiff had filed a Request for a Hearing on a Decision in Naturalization Proceedings ("Form N-336") with USCIS.  (*Id.* at 3).  Upon receipt of the Government's letter, the Court converted the initial pretrial conference scheduled for September 11, 2020, to a conference regarding the Government's anticipated motion.  (Dkt. #34).  Plaintiff subsequently submitted a letter conveying his opposition to the Government's pre-motion letter.  (Dkt. #36).

At the conference on September 11, 2020, the Court heard from both parties as to the Government's anticipated motion to dismiss.  (*See* Dkt. #38 (transcript)).  In particular, the Court engaged in an extended colloquy with Plaintiff to confirm the status of his application and the remaining claims at issue, and to better understand the relevant factual background.  (*Id.* at 3:9-14:10).  The Court then heard the Government's position on the issues raised

by Plaintiff, including the next steps in his pending Form N-336 request before USCIS (*id.* at 14:16-21:3), and returned to Plaintiff to discuss his claims further (*id.* at 21:7-27:11).[1]  The Court proceeded to set a briefing schedule on the Government's motion to dismiss, pursuant to which, at Plaintiff's request, briefing was to be completed by October 16, 2020.  (*Id.* at 30:10-31:11).  The Court requested that the Government provide Plaintiff with copies of any authorities cited in its submissions, as well as a copy of the conference transcript.  (*Id.* at 2:25-3:5, 30:2-7).

The parties adhered to the briefing schedule set at the September 11, 2020 conference, and the Government's motion was fully briefed by October 16, 2020.  (Dkt. #44-45, 47-48, 49).[2]  On November 15, 2020, Plaintiff submitted a letter requesting that the Court expedite its decision on the pending motion to dismiss.  (Dkt. #56).  In his letter, Plaintiff explained that he was almost 58 years old and wished to "marry a wife from overseas" and "then apply [for] her to join [him] in the States" as it would "take time … for a person [of his] age to have kids."  (*Id.*).  For this reason, Plaintiff indicated that he desired to expedite his naturalization proceedings to the extent possible.  (*Id.*).

On February 3, 2021, Plaintiff filed a motion seeking a Court order directing USCIS to hold a hearing on his Form N-336 application within the

---

[1]    At several points during the conference, the Court requested that Plaintiff not yell at the Court.  Upon the continuation of this behavior, the Court informed Plaintiff that he had forfeited his right to present his case further.  (Dkt. #38 at 27:19-25 (transcript)).

[2]     Plaintiff filed what the Court understands to be a sur-reply on October 16, 2020.  (Dkt. #51).

180-day statutory period for doing so.  (Dkt. #57).  The Government submitted its opposition to Plaintiff's motion on February 17, 2021, on the grounds that (i) the motion was unripe at the time it was filed, as the 180-day period had not yet expired; and (ii) the motion was moot, as USCIS had scheduled Plaintiff's hearing for a date within the 180-day period.  (Dkt. #58).  On February 18, 2021, the Court denied Plaintiff's motion for the reasons raised in the Government's briefing.  (Dkt. #59).  Later that day, Plaintiff made a submission conveying his view that USCIS had lost jurisdiction over his application.  (Dkt. #60).  In response to Plaintiff's filing, on February 23, 2021, the Court issued an endorsed order, observing that the Court had not yet decided the jurisdictional issues presented by Defendant's motion and referenced in Plaintiff's letter.  (Dkt. #61).  The Court noted that as such, if Plaintiff failed to appear for the scheduled USCIS hearing on his Form N-336 application, he risked further delays in his pursuit of an adjudication.  (*Id.*).  Plaintiff informed the Court on March 4, 2021, that he had "purposefully and intentionally" forgone his scheduled USCIS hearing, as he was "pretty sure without any doubt [that] USCIS lost the jurisdiction and the power to adjudicate his application."  (Dkt. #62 at 1).

On March 8, 2021, Plaintiff filed the instant motion for the Court's recusal pursuant to Sections 144 and 455 of Title 28 of the United States Code. (Dkt. #63).  The Government submitted its opposition to Plaintiff's motion on March 23, 2021 (Dkt. #65), and Plaintiff submitted an unsolicited response the

following day (Dkt. #66).  The Court understands Plaintiff to proffer the

following bases for the Court's recusal:

    i.    The Court's prior service as an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Southern District of New York, and as a member of that office's Appeals Unit, and specifically, the Court's involvement in the prosecution of terrorism cases in those roles, establishes the Court's bias against individuals of Arab ethnicity and the Muslim faith. Plaintiff submits that this bias was demonstrated by the Court's selection of September 11, 2020, as a date for an adjourned telephonic conference.

    ii.    The Court erred in denying Plaintiff's motion for a hearing, which motion was submitted prior to USCIS's adjudication of Plaintiff's Form N-400 application.

    iii.    The Court has delayed ruling on the pending motion to dismiss and Plaintiff's request for summary judgment, and has further erred in not remanding the case to the Eastern District of New York.

    iv.    The Court improperly warned Plaintiff that failing to attend his February 24, 2021 Form N-336 hearing would put his naturalization application at risk of further delay.

**APPLICABLE LAW**

Section 455(a) of Title 28 of the United States Code provides that "[a]ny

justice, judge, or magistrate judge of the United States shall disqualify [her]self

in any proceeding in which [her] impartiality might reasonably be questioned."

28 U.S.C. § 455(a).  Subsection (b) of this statute further requires a judge to

recuse herself (i) "[w]here [s]he has a personal bias or prejudice concerning a

party, or personal knowledge of disputed evidentiary facts concerning the

proceeding," or (ii) "[w]here [s]he has served in governmental employment and

in such capacity participated as counsel, adviser or material witness

concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." *Id.* § 455(b)(1), (3).  Section 144 further provides that a judge shall not proceed in a matter in which he or she "has a personal bias or prejudice either against [the plaintiff] or in favor of any adverse party." *Id.* § 144.

Section 455 "sets out an objective standard for recusal, creating the so-called 'appearance of justice' rule." *DeLuca* v. *Long Island Lighting Co.*, 862 F.2d 427, 428 (2d Cir. 1988) (internal citation omitted); *see also ISC Holding AG* v. *Nobel Biocare Fin. AG*, 688 F.3d 98, 107 (2d Cir. 2012) ("This provision is to 'be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance.'" (quoting *Liteky* v. *United States*, 510 U.S. 540, 548 (1994)).  Under that test, the court asks: "Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned?  Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States* v. *Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (quoting *Diamondstone* v. *Macaluso*, 148 F.3d 113, 120-21 (2d Cir. 1998)).

"The [Second Circuit] has cautioned that ... the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *Barnett* v. *United States*, No. 11 Civ. 2376 (LAP), 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012) (internal quotation marks omitted) (quoting *In re Aguinda*, 241

F.3d 194, 201 (2d Cir. 2001)). More fundamentally, where the standards governing disqualification are *not* met, "disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d at 201; *see also In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse [herself] when it is not called for as [s]he is obliged to when it is."). Were it otherwise, recusal motions would become a tool for "judge-shopping" and "impeding the administration of justice." *In re Martin-Trigona*, 573 F. Supp. 1237, 1243 (D. Conn. 1983). And Section 455 "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States* v. *Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Finally, "[r]ulings adverse to a party are not regarded in and of themselves as evidence of such bias or prejudice as would require recusal." *Bishop* v. *United States*, No. 04 Civ. 3633 (CSH), 2004 WL 1497690, at *1 (S.D.N.Y. July 1, 2004). As the Supreme Court has observed:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States* v. *Grinnell Corp.*, 384 U.S. [563, 583 (1966)], 86 S. Ct., at 1710. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or

> disapproving of, or even hostile to, counsel, the parties,
> or their cases, ordinarily do not support a bias or
> partiality challenge.  They may do so if they reveal an
> opinion that derives from an extrajudicial source; and
> they will do so if they reveal such a high degree of
> favoritism or antagonism as to make fair judgment
> impossible.

*Liteky*, 510 U.S. at 555; *accord Doe* v. *E. Lyme Bd. of Educ.*, 962 F.3d 649, 666 n.21 (2d Cir. 2020).

## ANALYSIS

The Court begins by addressing Plaintiff's recusal arguments based upon the undersigned's prior experience as a prosecutor.  Plaintiff correctly recites cases in which the undersigned was involved during her time with the U.S. Attorney's Office.  However, Plaintiff does not articulate a basis for inferring the Court's views of individuals of a given nationality or faith from its involvement in these cases.  Rather, he has put forth mere unsupported and unsubstantiated assertions.[3]  Other judges have denied similar motions for recusal predicated on their prior service as federal prosecutors, both where plaintiff "proffered unsubstantiated assertions about the [judge's] views of individuals of a given nationality," *see McLean* v. *United States*, No. 08 Cr. 789 (RJS), 2016 WL 3910664, at *9 (S.D.N.Y. July 13, 2016), *certificate of appealability denied* (Nov. 30, 2016), *appeal dismissed*, No. 16-2702, 2016 WL 9447127 (2d Cir. Dec. 5, 2016), or where the judge, though a prosecutor in the

---

[3]     The Court disagrees with Plaintiff's attribution of significance to the conference scheduled for September 11, 2020.  The conference date was a function of the Court's efforts to (i) allow USCIS time to adjudicate Plaintiff's Form N-400 application; and (ii) accommodate Plaintiff's interest in moving the action forward, as well as (iii) the scheduling constraints occasioned by the Court's docket.  (*See* Dkt. #26).

same office, was not involved in the facts underlying the litigation, *see, e.g.*, *Baker & Hostetler LLP* v. *U.S. Dep't of Commerce*, 471 F.3d 1355, 1357 (D.C. Cir. 2006) (concluding that 28 U.S.C. § 455(b)(3) "requires recusal when a judge has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy" (internal quotation marks omitted)); *Kendrick* v. *Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) ("[A]n AUSA without any involvement in a case brought by other attorneys in his office is not required to disqualify himself from presiding over such a case under 28 U.S.C. § 455(b)(3)." (collecting cases)); *United States* v. *Oluwafemi*, 883 F. Supp. 885, 893 (E.D.N.Y. 1995) (denying motion for recusal and holding that a judge who was formerly a federal prosecutor could preside over cases involving former colleagues who are still prosecutors); *cf. Williams* v. *Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) ("The Court now holds that under the [Fourteenth Amendment] Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case.").  Due to the absence of any nonspeculative allegations of the Court's bias, as well as the Court's lack of involvement in the underlying facts of this case, the Court concludes that there is no basis for the undersigned's recusal based on her prior experiences as a federal prosecutor.

The Court turns to Plaintiff's next two recusal arguments, which relate to (i) the Court's denial of Plaintiff's motion for a hearing; and (ii) the Court's

alleged failure to expedite a decision on the pending motion to dismiss and Plaintiff's request for summary judgment and transfer the case to the Eastern District of New York.  The Court disagrees with Plaintiff that these decisions provide a basis for its recusal.  As to the first argument, the Court understands Plaintiff to refer to its June 18, 2020 motion for a hearing pursuant to Section 1447(b) (Dkt. #25), which motion the Court denied on June 29, 2020 (Dkt. #29).  In denying Plaintiff's request, the Court explained its view that a hearing would be "premature" given its understanding that USCIS was in the process of reviewing Plaintiff's application.  (*See id.*).  On this point, the Court reiterates that "[r]ulings adverse to a party are not regarded in and of themselves as evidence of such bias or prejudice as would require recusal."  *Bishop*, 2004 WL 1497690, at *1.  Moreover, the Court stands by its earlier decision, and thinks it evinces neither favoritism toward the Government nor bias against Plaintiff.  Rather, the decision merely reflects the Court's interest in conserving judicial resources, and accordingly declining to schedule a hearing where Plaintiff's Form N-400 application — the basis for his lawsuit — might be otherwise resolved by USCIS.[4]

Additionally, once the Court was informed of USCIS's denial of Plaintiff's Form N-400 application, the Court granted the Government a mere one-day extension of the time to respond to Plaintiff's Complaint, and cautioned that it

---

[4]     In Plaintiff's opposition to the Government's motion to dismiss the Complaint, he raises a similar objection to the Court's denial of his request for a hearing.  (Dkt. #47 at 10-11).  The Court will address this argument, as appropriate, in its forthcoming decision on the pending motion.

would grant no further extensions.  (Dkt. #31).  The Court held a conference in this matter ten days later, which conference has been summarized in detail above.  (*See* Dkt. #38).  As Plaintiff correctly notes, at the conference the Court heard the Government's jurisdictional arguments, and informed Plaintiff that if he agreed with the Government on this issue, he had the ability to dismiss the instant case, continue his administrative proceedings, and refile in the appropriate jurisdiction.  (*Id.* at 21:11-23).  Plaintiff declined to do so, and the Court proceeded to set an expedited briefing schedule at Plaintiff's request. The Court appreciates that Plaintiff is anxious to receive a decision on the pending motion, and acknowledges Plaintiff's view that the Court should resolve the motion by transferring the case to the Eastern District of New York. However, the record does not reflect any inordinate delays on the Court's part. Further, a number of courts in this Circuit have rejected arguments for recusal predicated upon delays in entering judgment.  *See, e.g.*, *Qualls* v. *United States*, No. 07 Cr. 14 (DLI), 2018 WL 1513625, at *2 (E.D.N.Y. Mar. 27, 2018); *Jones* v. *O'Keefe*, No. 99 Civ. 12279 (RCC) (DFE), 2000 WL 1804153, at *4 (S.D.N.Y. Dec. 7, 2000); *U.S.* v. *LaMorte*, 940 F. Supp. 572, 577 (S.D.N.Y. 1996).  The Court will take the same approach here.

Lastly, Plaintiff takes issue with the Court's February 23, 2021 endorsed order.  (Dkt. #61).  The order observed that were Plaintiff to forego his scheduled USCIS hearing — the very hearing he had moved the Court to compel — he risked further delays in a determination on his Form N-336 application.  (Dkt. #61).  But this was a mere statement of fact, and the Court

11

will not recuse itself on the basis of any purported misinterpretation by Plaintiff.

In sum, Plaintiff has not proffered any allegations that could cause a reasonable person, knowing all of the facts, to reasonably question the Court's impartiality. *See Bayless*, 201 F.3d at 126 (quoting *Diamondstone*, 148 F.3d at 120-21). Because the standards for recusal have not been met, the Court cannot and will not recuse itself from the case at this time. *In re Aguinda*, 241 F.3d at 201.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion. The Clerk of Court is directed to terminate the motion at docket entry 63.

SO ORDERED.

Dated:      March 29, 2021
            New York, New York

_____
     KATHERINE POLK FAILLA
     United States District Judge